UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D.B., A MINOR, AND<br>DANA BLEICHER,<br><br>        PLAINTIFFS,<br><br>vs.<br><br>MENARD, INC.,<br><br>        DEFENDANT. | CAUSE NO. 2:11-CV-426-RLM |

OPINION and ORDER

On July 10, 2009, Dana Bleicher and her seven-year old son, D.B., visited the Menard store located at 351 Silhavy Road in Valparaiso, Indiana. While looking at a tall shelf containing boogie boards, Ms. Bleicher lifted her son so that he could get a better look at the boards. D.B.'s arm was injured in the process. Ms. Bleicher and D.B. filed suit in Porter Superior Court in Valparaiso, Indiana alleging that Menard, Inc.'s negligence caused the injury. Menard timely removed the case to federal court based on diversity jurisdiction, 28 U.S.C. § 1332. Ms. Bleicher and D.B. are citizens of Indiana. As a Wisconsin corporation with its principal place of business in Wisconsin, Menard is a citizen of Wisconsin. The parties are citizens of different states, and a reasonable probability exists that the damages sought by the plaintiffs, including medical expenses, permanent injuries, and pain and suffering, are more than $75,000. Menard then filed a motion for summary judgment. The time for a response to the motion has expired. The plaintiffs didn't file a

response or ask for an extension of time in which to respond to the motion. Menard moved for summary ruling on its motion for summary judgment pursuant to Local Rule 7-1(d)(4).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The court construes all facts and draws all reasonable inferences in the non-movant's favor. McCann v. Iroquois Mem'l Hosp., 622 F.3d 745, 752 (7th Cir. 2010). Summary judgment is appropriate if a party doesn't "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Peretz v. Sims, 662 F.3d 478, 480 (7th Cir. 2011).

The only claim in the plaintiffs' complaint is that Menard's negligence caused D.B.'s injury. "In order to prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." Peters v. Forster, 804 N.E.2d 736, 738 (Ind. 2004). "The mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall." Taylor v. Community Hosps. of Indiana, Inc., 949 N.E.2d 361, 364 (Ind. Ct. App. 2011). Menard argues that its actions or inactions weren't the cause-in-fact of D.B.'s injury. "An essential element in a cause of action for negligence is the requirement of a reasonable

connection between a defendant's conduct and the damages which the plaintiff has suffered." Roberson v. Hicks, 694 N.E.2d 1161, 1163 (Ind. Ct. App. 1998). At a minimum, a plaintiff must show that the harm wouldn't have occurred "but for" the defendant's conduct. Id.

Menard presented a report from Gary M. Hutter, P.E., Ph.D., C.S.P. an engineer and safety professional with more than forty years' experience and numerous other credentials. Menard retained Dr. Hutter to provide technical assistance in evaluating the incident. In the report, Dr. Hutter concluded that the shelving unit had no defects and didn't violate any code or standard. He determined that the shelf's elevation didn't violate codes, standards, or the custom and practice for commercial store shelving. Further, Dr. Hutter stated that merchandise stored above the head height of many people isn't unusual. Menard also submitted a video clip from the store's surveillance camera that partially shows the incident. Due to the frame of the video, Ms. Bleicher is only visible from the torso down and D.B. from the head down. The video image shows the two standing in the aisle. Ms. Bleicher then squats down and lifts D.B. She walks towards the shelf and then hoists him up further so that his feet are above her waist.

The plaintiffs' complaint alleges that the shelf had a dangerous and hazardous sharpened metal corner or edge. But the plaintiffs didn't respond to Menard's summary judgment motion and didn't submit any evidence contradicting Dr. Hutter's conclusions. "The plaintiff's burden may not be

carried with evidence based merely upon supposition or speculation." Taylor v. Community Hosps. of Indiana, Inc., 949 N.E.2d 361, 364-365 (Ind. Ct. App. 2011). With nothing from the plaintiffs, no evidentiary dispute exists regarding the condition of the shelving unit. Because no reasonable jury could find on this record that the shelving unit had defects or violated any regulations or industry standards, Ms. Bleicher and D.B. didn't make a sufficient showing to establish that the actions or inactions of Menard were the cause-in-fact of D.B.'s injury – an essential element of their claim.

The causation argument is dispositive, so the court needn't reach Menard's further arguments that Menard didn't owe the plaintiffs a duty of care,[1] that the plaintiffs were contributorily negligent,[2] that the plaintiffs assumed any risk associated with the shelving unit, that the plaintiffs' negligence was the superseding cause of the injury, that Menard didn't have time to discover or remove any dangerous condition, that the plaintiffs actions weren't foreseeable, and that the plaintiffs were involved in a joint enterprise

---

[1] A landowner is liable if "they should have anticipated the harm despite an invitee's knowledge of the danger or the obviousness of the danger." Countrymark Coop., Inc. v. Hammes, 892 N.E.2d 683, 691 (Ind. Ct. App. 2008). Once the invitee has knowledge of the condition, the invitee's right to assume that the invitor has carried out his duty to use due care ceases, but the invitor's duty continues. Get-N-Go, Inc. v. Markins, 550 N.E.2d 748, 751 (Ind. 1990).

[2] Menard argues that a plaintiff's contributory negligence is a complete bar to recovery. Contributory negligence, the failure of a person to exercise ordinary and reasonable care for his or her own safety, diminishes the claimant's recovery by the amount of his or her contributory fault, and only bars recovery entirely when the claimant's fault is greater than that of all other parties whose fault proximately contributed to the claimant's damages. Smith v. Baxter, 796 N.E.2d 242, 244-245 (Ind. 2003).

such that the fault of the mother lifting her son in an unsafe manner imputes her actions on the son.[3]

For the foregoing reason, the court GRANTS the defendant's motions for summary judgment and summary ruling (Doc. Nos. 45, 47) and VACATES the final pretrial conference set for March 28, 2014 and the jury trial set for April 15, 2014.

SO ORDERED.

ENTERED: <u>March 19, 2014</u>

<u>    /s/ Robert L. Miller, Jr.    </u><br>
Judge<br>
United States District Court

---

[3] It is unlikely that a contract can be inferred from a mother lifting her son in an attempt to reach a shelf, see <u>Stallings v. Dick</u>, 139 Ind. App. 118, 134, 210 N.E.2d 82, 91 (Ind. App. 1965) (no contract inferred from the joint effort of several individuals to start the engine of an automobile), and in general, a contract entered into by a minor, like D.B., is voidable. <u>Bowling v. Sperry</u>, 133 Ind. App. 692, 694, 184 N.E.2d 901, 902 (Ind. App. 1962).