UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| D.B., A MINOR, AND<br>DANA BLEICHER, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CAUSE NO. 2:11-CV-426-RLM |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

OPINION and ORDER

This Federal Rule of Civil Procedure 68 motion for costs arose out of the suit plaintiffs Dana Bleicher and D.B. filed against defendant Menard, Inc., involving an injury D.B. allegedly suffered while in one of the defendant's stores. On or about August 21, 2013, Menard claims that it served a Rule 68 Offer of Judgment on Ms. Bleicher and D.B. in the amount of $1,500. This offer wasn't accepted within fourteen days. The court subsequently granted Menard's unopposed summary judgment motion, and judgment was entered for the defendant. Ms. Bleicher and D.B. didn't respond to Menard's current motion, and the time to do so has passed.

Under Federal Rule of Civil Procedure 68(a), a party defending against a claim can make an "offer to allow judgment on specified terms, with the costs then accrued." The party pursuing the claim has fourteen days within which to accept or not accept the offer; an unaccepted offer is considered withdrawn after the fourteen days pass. FED. R. CIV. P. 68(b). "If the judgment that the

offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d). Rule 68 applies "only to offers made by the defendant" and "only to judgments obtained by the plaintiff." Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). Rule 68 doesn't apply when the defendant obtains a judgment. Id.; *see also* Tidemann v. Nadler Golf Car Sales, Inc., 224 F.3d 719, 726 (7th Cir. 2000); Lentomyynti Oy v. Medivac, Inc., 997 F.2d 364, 375 (7th Cir. 1993).

Menard asserts that it procured a result more favorable than the offer and the plaintiffs didn't obtain a result more favorable than the offer. Consequently, Menard argues, plaintiffs must pay its costs incurred after the offer was made. Menard made an offer of judgment that wasn't accepted, but Menard also prevailed on its summary judgment motion. Judgment was therefore entered for Menard, the defendant, not Ms. Bleicher and D.B., the plaintiffs. Although technically losing is worse than the $1,500 offer, Rule 68 doesn't apply where the judgment is for the defendant. Accordingly, the court DENIES the defendant's Motion for Federal Rule 68 Costs (Doc. No. 54).

SO ORDERED.

ENTERED:  June 16, 2014

                              /s/ Robert L. Miller, Jr.
                         Judge
                         United States District Court

-2-